IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LESTER BAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:03-cv-397-MJR |
| | ) | |
| GARY P. DUNCAN, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion to Dismiss filed by Gary P. Duncan on April 7, 2006 (Doc. 46). For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED**, that this matter be **DISMISSED WITH PREJUDICE**, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

Lester Bain ("Plaintiff") brings this action pursuant to 42 U.S.C. §1983, asserting that Gary P. Duncan, Brian Trentman, and Dennis Hatch ("Defendants") conspired together, and with other persons not parties to this suit, to defame him. Specifically, he alleges that Defendants deliberately led him and members of the public to believe that he had been convicted of armed robbery in a trial held in his absence. No such trial was held in fact. However, according to Plaintiff, the false belief of him having been convicted in absentia was so widespread that potential employers denied Plaintiff jobs and local police officers continually harassed him. Plaintiff alleges that Defendants' actions constitute a constitutional violation.

On August 3, 2006, Duncan and Trentman moved to compel Plaintiff to respond to

interrogatories and document requests.  On October 17, 2006, this Court ordered Plaintiff to respond to all outstanding discovery requests by October 31, 2006.  In that same order, this Court granted Plaintiff an extension of time to respond Duncan's instant motion to dismiss, which, as indicated above, was originally filed on April 7, 2006.  Further, this Court admonished Plaintiff for missing previous deadlines and specifically warned him that his failure to meet deadlines thereafter would result in a recommendation of dismissal for want of prosecution.  Nonetheless, Plaintiff did not submit a response to the instant motion by the November 15, 2006 deadline, and to date has not submitted a response.  Additionally, Defendants have filed summary judgment motions (Doc. 60 & 64) to which responses were due by January 2, 2007.  Plaintiff has neither submitted responses to the two outstanding motions for summary judgment, nor has he sought extensions of time to file responses.

### CONCLUSIONS OF LAW

Pursuant to Local Rule 7.1(g), the Court has discretion to consider the failure to respond to a motion as an admission of the merits of motion itself.  In his motion to dismiss, Duncan avers that the cause of action against him is barred by the statute of limitations and that he is entitled to prosecutorial immunity.  Being that Plaintiff has failed to respond to that motion at this time -- more than 60 days beyond the extended deadline -- this Court finds that he has thereby admitted the merits of the motion. See SDIL–LR 7.1(g) (2006) ("Failure to file a timely response to a motion may, in the court's discretion, be considered and admission of the merits of the motion."). Therefore, this Court **RECOMMENDS** that Duncan's motion to dismiss be **GRANTED**.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes federal judges to dismiss

for want of prosecution "cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." Daniels v. Brennan, 887 F.2d 783, 787 (7th Cir. 1989) ("The power of federal judges to dismiss for want of prosecution is based in part on the necessity to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). However, "where a plaintiff brings an action pro se, and so is particularly in need of the court's patience and instruction, [the Seventh Circuit Court of Appeals] has consistently held that a district court must give explicit warning prior to dismissing the case for want of prosecution." Matter of Bluestein & Co., 68 F.3d 1022, 1025 (7th Cir. 1995).

In the instant case, Plaintiff has continually failed to meet established deadlines, which has unduly delayed the disposition of this case. For example, after being served interrogatories and document requests on May 2, 2006, Plaintiff gave Duncan and Trentman no responses until after this Court issued an order compelling him to do so on October 17, 2006, which was more than 60 days beyond the discovery cutoff deadline of August 7, 2006, and at least 168 days beyond the date he received the requests. In the Order of October 17th, the Court granted Plaintiff additional time to respond to all of the motions outstanding at that time, including the motion to dismiss of April 7, 2006, and two motions for summary judgment submitted on September 7, 2006. The Court also explicitly warned Plaintiff that his continued failure to meet deadlines would ultimately result in this Court recommending that his lawsuit be dismissed. See Judge Wilkerson's Order of October 17, 2006 (Doc. 66) (stating: "Plaintiff is hereby **WARNED** that if he fails to meet any future filing deadlines in this case, the Court will recommend that this matter be dismissed for want of prosecution.") (emphasis in original). Notwithstanding this

explicit warning, Plaintiff has neglected to meet either of the two extended deadlines.  Pursuant to Rule 41(b), such inaction and neglect, after an explicit warning, is grounds for dismissal on the merits. See Bluestein & Co., supra, at 1025; see also Brennan, supra, at 787.  Accordingly, this Court **RECOMMENDS** that the case be **DISMISSED WITH PREJUDICE** for want of prosecution.

CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss filed by Gary P. Duncan on April 7, 2006 be **GRANTED** (Doc. 46), that this matter be **DISMISSED WITH PREJUDICE**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 18, 2006**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**
